UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U. LEVY, | No. 2:13-cv-1189 MCE AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| 24 HOUR FITNESS WORLDWIDE, INC., | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327.
4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
9  this standard, the court must accept as true the allegations of the complaint in question, Hospital
10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12 McKeithen, 395 U.S. 411, 421 (1969).
13      Plaintiff brings this diversity action against defendant, a gym, for incidents that occurred
14 in January and February 2013 in Sacramento. Plaintiff claims first that in January 2013, an
15 employee of defendant's placed a bloody tampon in the disabled bathroom in the women's locker
16 room. Plaintiff then claims that in February 2013, another employee pounded loudly on the
17 disabled bathroom door because plaintiff was taking too long to dress and then somehow falsely
18 imprisoned her. Plaintiff accuses these employees of bullying, defamation, false imprisonment,
19 breach of contract, discrimination, personal injury, battery, assault, sexual harassment, retaliation,
20 burglary, grand larceny, grand theft, and negligence and claims that their conduct caused plaintiff
21 trauma. On review, the court finds that plaintiff has failed to state a claim for any of these causes
22 of action. Additionally, plaintiff has not demonstrated that diversity jurisdiction exists. See 28
23 U.S.C. § 1332(a)(2) (Federal courts are conferred with original jurisdiction over "all civil actions
24 where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of a State
25 and citizens or subjects of a foreign state."). Accordingly, the complaint must be dismissed.
26      The court also notes that this complaint appears to be one of several hundred frivolous
27 complaints that plaintiff has filed all over the country. See Ajuluchuku–Levy v. Schleifer, 2009
28 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("[A] survey of the dockets of the United States

district courts reveals that as of the date of this Order, Plaintiff has commenced two hundred fifty-eight (258) actions in various district courts across the United States. Several district courts have noted that "the 'overwhelming majority' of cases filed by plaintiff have been totally without merit.") (quoting <u>Ajuluchuku v. Southern New England School of Law</u>, 2006 WL 2661232, at *3 (N.D. Ga. Sep. 14, 2006)).  Recently, plaintiff was declared a vexatious litigant in this district. See <u>Levy v. California State Library, et al.</u>, 2:13-cv-0693 LKK AC, ECF No. 20.  In light of plaintiff's frivolous allegations herein, as well as her history of filing frivolous actions containing many of the same allegations and her status as a vexatious litigant, the court will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2).  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Plaintiff has an opportunity to oppose by filing objections to these findings and recommendations.  Within fourteen days after being served with these findings and recommendations, she may file written objections with the court and serve all parties.  Such documents should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objection shall be served and filed within ten days after service of the objections.  Failure to file objections within the specified

////
////
////
////
////

1  time may waive the right to appeal the District Court's order.  See generally Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: October 18, 2013

  ALLISON CLAIRE
  UNITED STATES MAGISTRATE JUDGE

/mb;levy1189.ifpgrant.dism